## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CARLOS TECAXCO, | |
| Plaintiff, | |
| v. | |
| NICK GIANNAKARIS, INC. a/k/a NIKARRY'S RESTAURANT, NICK GIANNAKARIS, individually, and PETER GIANNAKARIS, individually, | |
| Defendants. | |

## COMPLAINT AT LAW

Plaintiff Carlos Tecaxco, by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint at Law, complains against Defendants Nick Giannakaris, Inc. a/k/a Nikarry's Restaurant ("Nikarry's" or "the Restaurant"), Nick Giannakaris, individually ("Nick"), individually, and Peter Giannakaris, individually ("Peter"), individually (collectively "Defendants"), as follows:

### NATURE OF ACTION

1.     This case is brought as an individual action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.*, for Defendants' failure to pay Plaintiff at a rate of one and one-half times his regular rate of pay ("overtime") for all hours worked in excess of forty (40) hours per week.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 29 U.S.C. § 1367.

3.      The unlawful employment practices described herein were committed within the State of Illinois, at Defendants' facility in Aurora. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Carlos Tecaxco resides in this judicial district, and has worked as a cook for Defendants during the applicable statute of limitations period.

5.      During the relevant statutory period, Mr. Tecaxco was an "employee" of Defendants, as defined by the FLSA and IMWL.

6.      During the course of his employment, Mr. Tecaxco handled goods that moved in interstate commerce and was not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. § 207, or IMWL, 820 Ill. Comp. Stat. § 105/4a.

7.      Nikarry's Restaurant is an Illinois corporation doing business within this judicial district, with its primary location in Aurora, Illinois.

8.      Nikarry's Restaurant is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

9.      Nick Giannakaris is the president and an owner of the Restaurant.

10.      Nick Giannakaris has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on the Restaurant's checking accounts, including payroll accounts; direct payment to employees; and make or participate in decisions regarding employee compensation.

11.      Peter Giannakaris is an owner of the Restaurant.

12.     Peter Giannakaris has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on the Restaurant's checking accounts, including payroll accounts; direct payment to employees; and make or participate in decisions regarding employee compensation.

## FACTUAL ALLEGATIONS

13.     Nikarry's is a restaurant in Aurora, Illinois.

14.     Defendants have employed Mr. Tecaxco as a cook at Nikarry's from in or around May 2005 through the present.

15.     Throughout the past three years, Mr. Tecaxco typically worked approximately forty-eight (48) hours per week.

16.     Throughout the past three years, Mr. Tecaxco has consistently worked from 6:30AM through 2:30AM, without breaks, from Tuesday through Sunday.

17.     Defendants pay Mr. Tecaxco $800 per week.

18.     Defendants pay Mr. Tecaxco $800 in cash every other week.  In the alternate weeks, Defendants pay Mr. Tecaxco partially by check with the remaining amount in cash, for a total amount of $800 for the week.

19.     At forty-eight (48) hours per week, Mr. Tecaxco's regular hourly rate was approximately $16.67 per hour.

20.     Despite having a time clock, Defendants do not and have not kept track of all of Mr. Tecaxco's actual hours of work.

21.     Mr. Tecaxco regularly worked in excess of forty hours per individual workweek.

22.     Defendants failed to compensate Mr. Tecaxco at the correct overtime rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours per individual workweek.

23.     Defendants knew or should have known about their obligations to adequately compensate its employees for all time worked, including compensation at the overtime rate for hours worked in excess of forty (40) per week.

### COUNT I – FAIR LABOR STANDARDS ACT

24.     Plaintiff restates and incorporates Paragraphs 1 through 23 as though fully set forth herein.

25.     At all times relevant, the Restaurant has been an "employer" as defined in the FLSA. 29 U.S.C. ¶ 203, *et seq.*

26.     At all times relevant, Nick has been an "employer" as defined in the FLSA. 29 U.S.C. ¶ 203, *et seq.*

27.     At all times relevant, Peter has been an "employer" as defined in the FLSA. 29 U.S.C. ¶ 203, *et seq.*

28.     At all times relevant, Plaintiff was employed by the Restaurant as an "employee" within the meaning of the FLSA. 29 U.S.C. ¶ 203, *et seq.*

29.     At all times relevant, Plaintiff was employed by Nick as an "employee" within the meaning of the FLSA. 29 U.S.C. ¶ 203, *et seq.*

30.     At all times relevant, Plaintiff was employed by Peter as an "employee" within the meaning of the FLSA. 29 U.S.C. ¶ 203, *et seq.*

31.     This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

32.     Plaintiff was entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

33.     Defendants failed to pay Plaintiff at the overtime rate for all hours worked over forty (40) in a workweek.

34.     Defendants' failure to pay compensation to Plaintiffs at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

35.     Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and methods of payment utilized to mask the hours Plaintiff worked in excess of forty (40) hours per week.  Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff Carlos Tecaxco respectfully requests that this Court enter an order as follows:

a)     Awarding judgment for back pay equal to the amount of all unpaid compensation and overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b)     Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c)     Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d)     Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)     Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f)       Awarding such additional relief as the Court may deem just and proper.

**COUNT II – ILLINOIS MINIMUM WAGE LAW**

36.       Plaintiff restates and incorporates Paragraphs 1 through 23 as though fully set forth herein.

37.       The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

38.       At all times relevant, the Restaurant has been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

39.       At all times relevant, Nick has been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

40.       At all times relevant, Peter has been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

41.       At all times relevant, Plaintiff was employed by the Restaurant as an "employee" within the meaning of the IMWL. 820 Ill. Comp. Stat. 105/1, *et seq.*

42.       At all times relevant, Plaintiffs were employed by Nick as an "employee" within the meaning of the IMWL. 820 Ill. Comp. Stat. 105/1, *et seq.*

43.       At all times relevant, Plaintiffs were employed by Peter as an "employee" within the meaning of the IMWL. 820 Ill. Comp. Stat. 105/1, *et seq.*

44.       Plaintiff regularly worked in excess of forty (40) hours per workweek.

45.       Pursuant to the IMWL, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at the overtime rate.

46.     Defendants violated the IMWL by failing to compensate Plaintiff at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

47.     Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiff is entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments for wages earned prior to February 19, 2019, statutory damages in the amount of five percent (5%) per month of the amount of underpayments for wages earned after February 19, 2019, plus treble the amount of any underpayments for wages earned after February 19, 2019.

WHEREFORE, Plaintiff Carlos Tecaxco respectfully requests that this Court enter an order as follows:

a)      Awarding judgment in the amount of all unpaid back pay owed to Plaintiffs pursuant to the IMWL;

b)      Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c)      Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a), including interest and treble damages;

d)      Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e)      Ordering such other and further relief as this Court deems appropriate and just.

Dated: May 14, 2021                          Respectfully submitted,
                                             CARLOS TECAXCO

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619
Caffarelli & Associates, Ltd.                By: /s/ Alexis D. Martin
224 S. Michigan Ave., Suite 300                  Attorney for the Plaintiff
Chicago, Illinois 60604
Tel. (312) 763-6880
*acaffarelli@caffarelli.com*
*amartin@caffarelli.com*