## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS TECAXCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21 C 2611 |
| | ) | |
| NICK GIANNAKARIS, INC. a/k/a | ) | |
| Nikarry's Restaurant, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Nick Giannakaris, Inc., Nick Giannakaris, and Peter Giannakaris's (collectively, "Defendants") Motion to Dismiss Plaintiff Carlos Tecaxco's Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the Motion.

## STATEMENT

For the purposes of this motion, the Court accepts as true the following facts from the Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Tecaxco's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Tecaxco brings this action against Defendants, his employers, for the alleged failure to pay overtime. Tecaxco is a cook at Defendants' restaurant, Nikarry's Restaurant. He alleges he consistently worked from 6:30 a.m. through 2:30 a.m. from

Tuesday through Sunday, for a total of 48 hours, each week for the past three years. Tecaxco says Defendants paid him $800 each week, totaling $16.67 per hour.

Based on these facts, Tecaxco alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA"), and Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), by failing to pay time-and-one-half for hours worked in excess of 40 hours in a week. Defendants now move to dismiss Tecaxco's Complaint under Rule 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the

2

elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Defendants argue that Tecaxco does not allege individual coverage or enterprise coverage under the FLSA. In response, Tecaxco only argues that he sufficiently alleged enterprise coverage.

"An employer is an 'enterprise' covered by the FLSA if it 'has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 'is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Martinez v. Manolos Tamales, Inc.*, 2015 WL 5144024, at *1 (N.D. Ill. 2015) (quoting 29 U.S.C. § 203(s)(1)(A)(i), (ii)) (cleaned up). But the employer "does not need to actually produce goods and transport them over state lines to be 'engaged in commerce;' employees handling out-of-state materials to fulfill job responsibilities is sufficient." *Cardenas v. Grozdic*, 2012 WL 2359399, at *3 (N.D. Ill. 2012).

Tecaxco alleges that he handled goods that moved in interstate commerce during the course of his employment with Defendants. The Court finds this is sufficient to put Defendants on notice of his claims and makes his entitlement to relief plausible. Indeed, as Judge Alonso aptly noted, a plaintiff need "not allege further 'factual support' because it is a plausible inference that in the course of cooking and cleaning at tamale

restaurants in Chicago, plaintiff handled goods that had moved in interstate commerce. (In fact, it seems *implausible* that she would *not* have handled any such goods.)." *Martinez*, 2015 WL 5144024, at *2. Though the restaurant here is in Aurora, not Chicago, it would seem equally plausible that Tecaxco handled goods that moved in interstate commerce. Tecaxco will, of course, ultimately have to prove this inference to be true.

Fatally, though, Tecaxco makes no allegations about the amount of Defendants' annual sales. The Court, then, cannot infer that Defendants' gross sales exceed the requisite $500,000. Therefore, Tecaxco fails to allege enterprise coverage under the FLSA. *See Hernandez v. Tacos Sahuayo, Inc.*, 2019 WL 1522642, at *2 (N.D. Ill. 2019) (dismissing FLSA claim where the plaintiff made no allegations about the amount of annual gross sales).

Finally, Defendants ask the Court to dismiss Tecaxco's Complaint with prejudice. But Tecaxco requests an opportunity to replead. Since Defendants make no argument about why amendment would be futile and because of the strong policy in favor of allowing opportunities to amend, *see* Fed. R. Civ. P. 15, the Court will grant Tecaxco leave to amend his complaint.

4

## <u>CONCLUSION</u>

For the reasons stated above, the Court grants Defendant's Motion to Dismiss (Dkt. # 12).  Tecaxco's Complaint is dismissed without prejudice.  Tecaxco may file an amended complaint by October 8, 2021.  Defendants then must answer the Complaint by October 29, 2021.  Telephonic status is set for 11/2/2021 at 10:20 a.m.  It is so ordered.

Dated: 09/24/2021

Charles P. Kocoras
United States District Judge